IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **CURTIS WAYNE JOHNSON,** ) | |
| Defendant-Petitioner, ) | |
| ) | |
| vs. ) | No.  3:05-CV-262-N |
| ) | No.  3:03-CR-240-N |
| **UNITED STATES OF AMERICA,** ) | |
| Plaintiff-Respondent. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the United States District Court for the Northern District of Texas, this case has been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the magistrate judge are as follows:

**FINDINGS AND CONCLUSIONS**:

Curtis Wayne Johnson ("Movant") seeks to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Movant is a federal prisoner currently incarcerated in a federal correctional institution. Respondent is the United States of America ("Respondent").

**STATEMENT OF THE CASE**

On July 8, 2003, Movant was charged in a five-count indictment. Count one charged him with conspiracy to commit access device and wire fraud, in violation of 18 U.S.C. § 371. Counts two and four charged him with access device fraud and aiding and abetting, each in violation of 18 U.S.C. §§ 1343 and 2. On September 24, 2003, Movant pled guilty to count one. On February 9, 2004, he was sentenced to 27 months' imprisonment and a three year term of supervised release. Restitution was ordered in the amount of $101,896.98. Movant did not

appeal.  Movant's § 2255 motion was timely filed on February 7, 2005.

## STATEMENT OF THE CLAIMS

Movant alleges the following grounds for relief:

1. The sentence imposed on him violates *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, U.S. 125 S. Ct. 738 (2005); and

2. He was denied the effective assistance of counsel.

## EXAMINATION OF THE CLAIMS

**CLAIM ONE:**   The sentence imposed on movant violates *Blakely v. Washington,* and *United States v. Booker*.

Movant contends that his sentence violates *Blakely* and *Booker* because it was enhanced based on facts not submitted to a jury or admitted by him.  Movant specifically objects to the enhancement under USSG § 2B1.1(b)(1)(F) for the amount of loss and USSG § 3B1.1 for his role in the offense.

Movant was sentenced on February 9, 2004.  *Blakely* was not decided until June 24, 2004.  The United States Supreme Court did not apply the reasoning in *Blakely* to the federal sentencing guidelines until January 12, 2005.  *Booker*, 125 S. Ct. at 769.  *Booker* is not retroactive on collateral review.  *In re: Elwood,* 408 F. 3d 211 (5th Cir. 2005).  Instead, *Booker* only applies to cases on direct review and not yet final as of January 12, 2005.  *Booker*, 125 S.Ct. at 769.  Movant's conviction became final on February 26, 2004.  Movant's claim is a collateral attack of a final conviction rendered before January 12, 2005.  For these reasons, Movant is not entitled to relief on this claim.

2

**CLAIM TWO:**     Movant was denied the effective assistance of counsel.

The Sixth Amendment of the United States Constitution guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense. *U.S. CONST., art. VI.* To merit relief pursuant to Section 2255 on a claim of ineffective assistance of counsel, a movant must demonstrate that his trial counsel's performance fell below an objective standard of reasonableness and that this deficient performance prejudiced his defense. *Strickland,* 466 U.S. 668, 691 (1984). In assessing whether a particular counsel's performance was constitutionally deficient, courts indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance. *Id.* at 689. A movant's failure to establish either prong of the *Strickland* test requires the court to find that counsel's performance was not constitutionally ineffective; hence courts are free to review ineffective assistance claims in any order and need not address both the "deficient" and "prejudice" prongs if one component is found lacking. *Id.* at 697.

The prejudice prong of the *Strickland* test requires the petitioner to show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.* at 694. A petitioner claiming ineffective assistance must prove that the challenged conduct of his counsel rendered the proceeding fundamentally unfair or unreliable. *Lockhart v. Fretwell,* 506 U.S. 364, 372 (1993) (citing *Strickland,* 466 U.S. at 687). Courts are required to consider the totality of the evidence in assessing whether the result would likely have been different absent the alleged errors of counsel. *Strickland*, 466 U.S. at 695.

Movant contends that trial counsel was ineffective because he failed to object to

3

sentencing enhancements based on *Blakely* and *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Movant's contention that counsel should have objected to these enhancements based on *Blakely* has no merit because *Blakely* was decided four months after Movant was sentenced. "[C]ounsel is not required to anticipate subsequent developments in the law." *Ogan v. Cockrell*, 297 F. 3d 349, 360 (5th Cir. 2002). Counsel could not have objected to sentencing enhancements based on a decision that had not yet been made.

An objection under *Apprendi* would have also been meritless. *Apprendi* held that, other then a fact of prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt. *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Movant's statutory maximum term of imprisonment was five years. *See* 18 U.S.C. §371. Movant's 27 month sentence was below the statutory maximum. Based on these findings, *Apprendi* would not have been violated, and therefore counsel had no reason to object to the sentence based on its holding.

Movant further contends that counsel was ineffective because he failed to appeal Movant's sentence enhancements under *Apprendi* and *Blakely*. Movant waived his right to appeal in his plea agreement. *See* Plea Agreement at 4. Movant testified at his rearrangement that he understood that he was giving up his right to appeal. *See* Rearrangement Tr. at 11-12. Movant does not assert that his plea was not voluntary, or that he did not understand the waiver of his rights. Movant further does not contend that he told counsel that he wanted to appeal. Based on these findings, counsel was under no obligation to file a notice of appeal. Movant signed a plea agreement with an explicit waiver of appeal, and did not instruct counsel of his desire to appeal. Further, even if an appeal was made, there was no *Apprendi* error, and *Blakely*

4

had not yet been decided at the time that an appeal would have been made.

Movant has failed to establish an ineffective assistance of counsel claim based on the standard set forth by *Strickland*. Therefore, Movant's claim that he did not receive effective assistance of counsel must be denied.

### **RECOMMENDATION**:

This Court hereby recommends that Movant's motion to vacate, set aside, or modify his conviction and sentence pursuant to 28 U.S.C. § 2255 be denied.

SIGNED, November 8th, 2006.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any

5

party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court.  *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 472 (1985).  Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).